**United States Bankruptcy Court**
**Eastern District of Virginia**

IN RE:  Case No. **11-10014-SSM**

**Hansen, Richard C.**  Chapter **13**

Debtor(s)

## CHAPTER 13 PLAN AND RELATED MOTIONS

This plan, dated **November 7, 2011**, is:

☐ the first Chapter 13 plan filed in this case.
☒ a modified Plan that replaces the
   ☒ confirmed or ☐ unconfirmed Plan dated **February 21, 2011**.

Date and Time of Modified Plan Confirmation Hearing:

**December 14, 2011 at 1:30 p.m.**

Place of Modified Plan Confirmation Hearing:

**Judge Mitchell's Courtroom; Courtroom #1, Second Floor, United States Bankruptcy Court, 200 South Washington Street, Alexandria, VA 22314.**

The plan provisions modified by this filing are:

**Paragraph #1.**

Creditors affected by this modification are:**All.**

**NOTICE: YOUR RIGHTS WILL BE AFFECTED. You should read these papers carefully. If you oppose any provision of this Plan, or if you oppose any included motions to (i) value collateral, (ii) avoid liens, or (iii) assume or reject unexpired leases or executory contracts, you MUST file a timely written objection.**

**This Plan may be confirmed and become binding, and the included motions in paragraphs 3, 6, and 7 to value collateral, avoid liens, and assume or reject unexpired leases or executory contracts may be granted, without further notice or hearing unless a written objection is filed not later than seven (7) days prior to the date set for the confirmation hearing and the objecting party appears at the confirmation hearing.**

The debtor(s)' schedules list assets and liabilities as follows:

   Total Assets: $ **598,309.10**
   Total Non-Priority Unsecured Debt: $ **41,781.67**
   Total Priority Debt: $ **0.00**
   Total Secured Debt: $ **584,057.09**

1. **Funding of Plan.** The debtor(s) propose to pay the Trustee the sum of $ **2,636.85** per **month** for **50** months beginning December 1, 2011.  Debtor has paid $10,787.20 to date.  He is proposing to increase his plan payment over the remaining 50 payments due in his plan so that the entire amount due to be paid in his previously-confirmed plan is paid by the end of the plan.  This revision is to make up for the missing payments beginning July 1, 2011, through November 1, 2011.

   The total amount to be paid into the Plan is $ **142,720.80**.

2. **Priority Creditors.** The Trustee shall pay allowed priority claims in full unless the creditor agrees otherwise.
   A. **Administrative Claims under 11 U.S.C. § 1326.**
      1. The Trustee will be paid the percentage fee fixed under 28 U.S.C. § 586(e), not to exceed 10%, of all sums disbursed except for funds returned to the debtor(s).
      2. Debtor(s)' attorney will be paid $ **1,000.00** balance due of the total fee of $ **3,000.00** concurrently with or prior to the payments to remaining creditors.
   B. **Claims under 11 U.S.C. §507.**
The following priority creditors will be paid by deferred cash payments pro rata with other priority creditors or in monthly installments as below, except that allowed claims pursuant to 11 U.S.C. § 507(a)(1) will be paid prior to other priority creditors but concurrently with administrative claims above:

| Creditor | Type of Priority | Estimated Claim | Payment and Term |
|---|---|---|---|
| **None** | | | |

3. **Secured Creditors: Motions to Value Collateral ("Cramdown"), Collateral being Surrendered, Adequate Protection Payments, and Payment of certain Secured Claims.**

   **A. Motions to Value Collateral (other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) or by the final paragraph of 11 U.S.C. § 1325(a)). Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion to value collateral as set forth herein.**

   This section deals with valuation of certain claims secured by real and/or personal property, other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) [real estate which is debtor(s)' principal residence] or by the final paragraph of 11 U.S.C. § 1325(a) [motor vehicles purchased within 910 days or any other thing of value purchased within 1 year before filing bankruptcy], in which the replacement value is asserted to be less than the amount owing on the debt. **Such debts will be treated as secured claims only to the extent of the replacement value of the collateral. That value will be paid with interest as provided in sub-section D of this section. You must refer to section 3(D) below to determine the interest rate, monthly payment and estimated term of repayment of any "crammed down" loan. The deficiency balance owed on such a loan will be treated as an unsecured claim to be paid only to the extent provided in section 4 of the Plan.** The following secured claims are to be "crammed down" to the following values:

   | Creditor | Collateral | Purchase Date | Estimated Debt Bal. | Replacement Value |
   |---|---|---|---|---|
   | | | | | |

   **B. Real or Personal Property to be Surrendered.** Upon confirmation of the Plan, or before, the debtor(s) will surrender his/her/their interest in the collateral securing the claims of the following creditors in satisfaction of the secured portion of such creditors' allowed claims. To the extent that the collateral does not satisfy the claim, any timely filed deficiency claim to which the creditor is entitled may be paid as a non-priority unsecured claim. Confirmation of the Plan shall terminate the automatic stay as to the interest of the debtor(s) and the estate in the collateral.

   | Creditor | Collateral Description | Estimated Value | Estimated Total Claim |
   |---|---|---|---|
   | **Pentagon Federal** | **Yamaha boat** | **$3,880** | **$1,750.92** |

   **C. Adequate Protection Payments.** The debtor(s) propose to make adequate protection payments required by 11 U.S.C. § 1326(a) or otherwise upon claims secured by personal property, until the commencement of payments provided for in sections 3(D) and/or 6(B) of the Plan, as follows:

   | Creditor | Collateral | Adeq. Protection Monthly Payment | To Be Paid By |
   |---|---|---|---|
   | **None** | | | |

   Any adequate protection payment upon an unexpired lease of personal property assumed by the debtor(s) pursuant to section 6(B) of the Plan shall be made by the debtor(s) as required by 11 U.S.C. § 1326(a)(1)(B) (payments coming due after the order for relief).

   **D. Payment of Secured Claims on Property Being Retained (except only those loans provided for in section 5 of the Plan):** This section deals with payment of debts secured by real and/or personal property [including short term obligations, judgments, tax liens and other secured debts]. After confirmation of the Plan, the Trustee will pay to the holder of each allowed secured claim, which will be either the balance owed on the indebtedness or, where applicable, the collateral's replacement value as specified in sub-section A of this section, **whichever is less,** with interest at the rate provided below, the monthly payment specified below until the amount of the secured claim has been paid in full. **Upon confirmation of the Plan, the valuation and interest rate shown below will be binding unless a timely written objection to confirmation is filed with and sustained by the Court.**

   | Creditor | Collateral | Approx. Bal. Of Debt or "Crammed Down" Value | Interest Rate | Monthly Payment & Est. Term |
   |---|---|---|---|---|
   | **Kubota Credit Corporation** | **Kubota Lawn Mower** | **$5,345.83** | **0.00%** | **330.29 19 mos** |
   | **Pentagon Federal Credit U** | **2006 Mercedes Benz ML3** | **$15,926.57** | **0.00%** | **918.36 19 mos** |
   | **Pentagon Federal Credit U** | **1972 Jeep CJS** | **$6,917.33** | **0.00%** | **405.18 19 mos** |

   **E. Other Debts.** Debts which are (i) mortgage loans secured by real estate which is the debtor(s)' primary residence, or (ii) other long term obligations, whether secured or unsecured, to be continued upon the existing contract terms with any existing default in payments to be cured pursuant to 11 U.S.C. § 1322(b)(5), are provided for in section 5 of the Plan.

4. **Unsecured Claims.**

   **A. Not separately classified.** Allowed non-priority unsecured claims shall be paid pro rata from any distribution remaining after

disbursement to allowed secured and priority claims. Estimated distribution is approximately **79 %**. If this case were liquidated under Chapter 7, the debtor(s) estimate unsecured creditors would receive a dividend of approximately **9.55** %.

**B. Separately classified unsecured claims.**

| Creditor | Basis for Classification | Treatment |
|---|---|---|
| **None** | | |

5. **Mortgage Loans Secured by Real Property Constituting the Debtor(s)' Primary Residence; Other Long Term Payment Obligations, whether secured or unsecured, to be continued upon existing contract terms; Curing of any existing default under 11 U.S.C. § 1322(b)(5).**

   **A. Debtor(s) to make regular contract payments; arrears, if any, to be paid by Trustee.** The creditors listed below will be paid by the debtor(s) pursuant to the contract without modification, except that arrearages, if any, will be paid by the Trustee either pro rata with other secured claims or on a fixed monthly basis as indicated below, without interest unless an interest rate is designated below for interest to be paid on the arrearage claim and such interest is provided for in the loan agreement.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Arrearage Interest Rate | Estimated Cure Period | Monthly Arrearage Payment |
|---|---|---|---|---|---|---|
| **CitiMortgage** | **7314 Dudie Road, Marshal** | **$3,069.33** | **$23,650.52** | **0.00%** | **1-13** | **$1,538.46** |

   **B. Trustee to make contract payments and cure arrears, if any.** The Trustee shall pay the creditors listed below the regular contract monthly payments that come due during the period of this Plan, and pre-petition arrearages on such debts shall be cured by the Trustee either pro rata with other secured claims or with monthly payments as set forth below.

| Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Interest Rate on Arrearage | MonthlyPayment on Arreargae & Est. Term |
|---|---|---|---|---|---|
| **None** | | | | | |

   **C. Restructured Mortgage Loans to be paid fully during term of Plan.** Any mortgage loan against real estate constituting the debtor(s)' principal residence upon which the last scheduled contract payment is due before the final payment under the Plan is due shall be paid by the Trustee during the term of the Plan as permitted by 11 U.S.C. § 1322(c)(2) with interest at the rate specified below as follows:

| Creditor | Collateral | Interest Rate | Estimated Claim | Monthly Payment & Term |
|---|---|---|---|---|
| **None** | | | | |

6. **Executory Contracts and Unexpired Leases.** The debtor(s) move for assumption or rejection of the executory contracts and leases listed below.

   **A. Executory contracts and unexpired leases to be rejected.** The debtor(s) reject the following executory contracts.

| Creditor | Type of Contract |
|---|---|
| **None** | |

   **B. Executory Contracts and unexpired leases to be assumed.** The debtor(s) assume the following executory contracts. The debtor agrees to abide by all terms of the agreement. The Trustee will pay the pre-petition arrearages, if any, through payments made pro rata with other priority claims or on a fixed monthly basis as indicated below.

| Creditor | Type of Contract | Arrearage | Monthly Payment for Arrears | Estimated Cure Period |
|---|---|---|---|---|
| **None** | | | | |

7. **Liens Which Debtor(s) Seek to Avoid.**

   **A. The debtor(s) move to avoid liens pursuant to 11 U.S.C. § 522(f).** The debtor(s) move to avoid the following judicial liens and non-possessory, non-purchase money liens that impair the debtor(s)' exemptions. **Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion and cancel the creditor's lien.** If an objection is filed, the Court will hear evidence and rule on the motion at the confirmation hearing.

| Creditor | Collateral | | Exemption Basis | Exemption Amount | Value of Collateral |
|---|---|---|---|---|---|
| **None** | | | | | |

**B. Avoidance of security interests or liens on grounds other than 11 U.S.C. § 522(f).** The debtor(s) have filed or will file and serve separate pleadings to avoid the following liens or security interests. The creditor should review the notice or summons accompanying such pleadings as to the requirements for opposing such relief. The listing here is for information purposes only.

| Creditor | Type of Lien | Description of Collateral | Basis for Avoidance |
|---|---|---|---|
| **Pentagon Federal C.U.** | **2nd mortgage** | **7314 Dudie Road, Marshall, VA** | **11 U.S.C. 506 - unsecured** |

8. **Treatment and Payment of Claims.**

   - All creditors must timely file a proof of claim to receive payment from the Trustee.
   - If a claim is scheduled as unsecured and the creditor files a claim alleging the claim is secured but does not timely object to confirmation of the plan, the creditor may be treated as unsecured for purposes of distribution under the plan. This paragraph does not limit the right of the creditor to enforce its lien, to the extent not avoided or provided for in this case, after the debtor(s) receive a discharge.
   - If a claim is listed in the plan as secured and the creditor files a proof of claim alleging the claim is unsecured, the creditor will be treated as unsecured for purposes of distribution under the plan.
   - The Trustee may adjust the monthly disbursement amount as needed to pay an allowed secured claim in full.

9. **Vesting of Property of the Estate.** Property of the estate shall revest in the debtor(s) upon confirmation of the Plan. Notwithstanding such vesting, the debtor(s) may not sell, refinance, encumber real property or enter into a mortgage loan modification without approval of the Court after notice to the Trustee, any creditor who has filed a request for notice and other creditors to the extent required by the Local Rules of this Court.

10. **Incurrence of indebtedness.** The debtor(s) shall not voluntarily incur additional indebtedness exceeding the cumulative total of $5,000 principal amount during the term of this Plan, either unsecured or secured against personal property, except upon approval of the Court after notice to the Trustee, any creditor who has filed a request for notice, and other creditors to the extent required by the Local Rules of this Court.

11. **Other provisions of this plan:** Attorney's fees noted in Paragraph 2A shall be approved on the confirmation date unless previously objected to. Said allowed fees shall be paid by the Trustee prior to the commencement of payments required to be made by the Trustee under Paragraphs 2B, 4, 5, and 6 herein, except that attorneys' fees shall be paid pro rata with any distribution to domestic support order claimants under Paragraph 2B.

Dated: **February 21, 2011**

*/s/ Richard C. Hansen*
Debtor

*/s/ Ann M. Callaway*
Debtor(s)' Attorney

Joint Debtor

**Ann M. Callaway**
**15 Garrett Street**
**Warrenton, VA  20186-3108**
**(540) 349-4100**

**Exhibits:**    Copy of Debtor(s)' Budget (Schedules I and J);
             Matrix of Parties Served with plan

Certificate of Service

I certify that on **November 7, 2011**, I mailed a copy of the foregoing to the creditors and parties in interest on the attached Service List.

*/s/ Ann M. Callaway*
Signature

**Ann M. Callaway**
**15 Garrett Street**
**Warrenton, VA  20186-3108**
**(540) 349-4100  Fax: (540) 347-108**

Ver. 09/17/09 [effective 12/01/09]

**Bank Of America**
P.O. Box 15026
Wilmington, DE  19850

**Bierman, Geesling, Ward & Wood, LLC**
4520 East West Highway, Suite 200
Bethesda, MD  20814

**Bonnie Delaney Foster, MD**
528 Waterloo Road
Warrenton, VA  20186

**Chase Card Services**
P.O. Box 14298
Wilmington, DE  19850

**CitiMortgage**
P.O. Box 9438
Gaithersburg, MD  20898

**Kubota Credit Corporation**
1175 S. Guild Avenue
Lodi, CA  95240

**Pentagon Federal Credit Union**
P.O. Box 1432
Alexandria, VA  22313

IN RE **Hansen, Richard C.**                                                                    Case No. **11-10014-SSM**
_____                                          _____
              Debtor(s)                                                                              (If known)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on From 22A, 22B, or 22C.

| Debtor's Marital Status | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| **Married** | RELATIONSHIP(S): | AGE(S): |

| EMPLOYMENT: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | | **See Schedule Attached** |
| Name of Employer | **Department Of Homeland Security** | |
| How long employed | **18 years** | |
| Address of Employer | **P.O. Box 60000** **New Orleans, LA 70160** | |

**INCOME:** (Estimate of average or projected monthly income at time case filed)

|    |    | DEBTOR | SPOUSE |
|---|---|---|---|
| 1. | Current monthly gross wages, salary, and commissions (prorate if not paid monthly) | $ **8,626.80** | $ **6,979.38** |
| 2. | Estimated monthly overtime | $ | $ |
| **3.** | **SUBTOTAL** | $ **8,626.80** | $ **6,979.38** |
| 4. | LESS PAYROLL DEDUCTIONS | | |
|    | a. Payroll taxes and Social Security | $ **2,071.99** | $ **1,345.42** |
|    | b. Insurance | $ **69.10** | $ |
|    | c. Union dues | $ | $ |
|    | d. Other (specify) **See Schedule Attached** | $ **1,503.95** | $ **309.00** |
|    |  | $ | $ |
| **5.** | **SUBTOTAL OF PAYROLL DEDUCTIONS** | $ **3,645.04** | $ **1,654.42** |
| **6.** | **TOTAL NET MONTHLY TAKE HOME PAY** | $ **4,981.76** | $ **5,324.96** |
| 7. | Regular income from operation of business or profession or farm (attach detailed statement) | $ | $ |
| 8. | Income from real property | $ | $ |
| 9. | Interest and dividends | $ | $ |
| 10. | Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ | $ |
| 11. | Social Security or other government assistance (Specify) _____ | $ | $ |
|    |  | $ | $ |
| 12. | Pension or retirement income | $ | $ |
| 13. | Other monthly income (Specify) _____ | $ | $ |
|    |  | $ | $ |
|    |  | $ | $ |
| **14.** | **SUBTOTAL OF LINES 7 THROUGH 13** | $ | $ |
| **15.** | **AVERAGE MONTHLY INCOME** (Add amounts shown on lines 6 and 14) | $ **4,981.76** | $ **5,324.96** |
| **16.** | **COMBINED AVERAGE MONTHLY INCOME**: (Combine column totals from line 15; if there is only one debtor repeat total reported on line 15) | $ **10,306.72** | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:
**None**

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

IN RE **Hansen, Richard C.**                                                                                    Case No. **11-10014-SSM**
                             Debtor(s)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)
### Continuation Sheet - Page 1 of 1

| | DEBTOR | SPOUSE |
|---|---|---|
| EMPLOYMENT: | | |
| Occupation | | **Teacher** |
| Name of Employer | | **Loudoun County Public Schools** |
| How long employed | | **4 months** |
| Address of Employer | | **21000 Education Court** |
| | | **Ashburn, VA  20148** |
| Occupation | | |
| Name of Employer | | **NOVA CC** |
| How long employed | | |
| Address of Employer | | |

|  | DEBTOR | SPOUSE |
|---|---|---|
| Other Payroll Deductions: | | |
| **Retirement FERS-CBP** | **112.15** | |
| **Opt FEGLI Age Bracket 3** | **79.08** | |
| **FEHBA-ENROLL CODE 105** | **431.60** | |
| **FSA-Health Care** | **166.66** | |
| **TSP Loan Repay** | **714.46** | |
| **Linfin Pre-Tax** | | **260.64** |
| **Loudoun Ed Assoc** | | **48.36** |

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

IN RE **Hansen, Richard C.** _____    Case No. **11-10014-SSM** _____
                                                  Debtor(s)                                                            (If known)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made biweekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form22A or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---:|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ | **3,069.53** |
|     a. Are real estate taxes included?   Yes ✓  No ____ | | |
|     b. Is property insurance included?   Yes ✓  No ____ | | |
| 2. Utilities: | | |
|     a. Electricity and heating fuel | $ | **299.00** |
|     b. Water and sewer | $ | |
|     c. Telephone | $ | **248.00** |
|     d. Other **Trash** | $ | **55.00** |
|             **Propane** | $ | **236.00** |
| 3. Home maintenance (repairs and upkeep) | $ | **250.00** |
| 4. Food | $ | **760.00** |
| 5. Clothing | $ | **100.00** |
| 6. Laundry and dry cleaning | $ | **140.00** |
| 7. Medical and dental expenses | $ | |
| 8. Transportation (not including car payments) | $ | **892.00** |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | **90.00** |
| 10. Charitable contributions | $ | **100.00** |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
|     a. Homeowner's or renter's | $ | |
|     b. Life | $ | **66.40** |
|     c. Health | $ | |
|     d. Auto | $ | **206.00** |
|     e. Other **Newspapers/Magazines** | $ | **10.00** |
|          | $ | |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | |
|     (Specify) _____ | $ | |
|     **Personal Property** | $ | **77.00** |
| 13. Installment payments: (in chapter 11, 12 and 13 cases, do not list payments to be included in the plan) | | |
|     a. Auto | $ | |
|     b. Other _____ | $ | |
|          | $ | |
| 14. Alimony, maintenance, and support paid to others | $ | |
| 15. Payments for support of additional dependents not living at your home | $ | |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | |
| 17. Other **See Schedule Attached** | $ | **763.95** |
| | $ | |
| | $ | |

**18. AVERAGE MONTHLY EXPENSES** (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.   $ **7,362.88**

19. Describe any increase or decrease in expenditures anticipated to occur within the year following the filing of this document:
**None**

**20. STATEMENT OF MONTHLY NET INCOME**
    a. Average monthly income from Line 15 of Schedule I      $ **10,306.72**
    b. Average monthly expenses from Line 18 above      $ **7,362.88**
    c. Monthly net income (a. minus b.)      $ **2,943.84**

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

IN RE **Hansen, Richard C.** _____ Case No. **11-10014-SSM**
Debtor(s)

## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)
### Continuation Sheet - Page 1 of 1

Other Expenses (DEBTOR)

| | |
|---|---:|
| **Cat Food** | **45.00** |
| **Chicken Feed** | **59.00** |
| **Gym** | **39.95** |
| **Gas For Mower** | **18.00** |
| **Haircut** | **35.00** |
| **Wife's Car Payment** | **403.00** |
| **Refund Of Salary Overpayment** | **164.00** |

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only